IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-017 |
| | ) | |
| MATTHEW HOLLEY; RODRIQUEZ WALLACE; and CHRISTINE WELK, | ) ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed the above-captioned case on February 24, 2022. (Doc. no. 1.) On July 19, 2022, Plaintiff filed three certificates of services, two of which note summons being returned unexecuted for Defendants Wallace and Welk. (See doc. nos. 7-9.) Nothing has been filed in the case since.

Thus, there is no evidence in the record that Defendants Wallace and Welk have been properly served. Fed. R. Civ. P. 4 and Local Rule 4.3 provide it is the responsibility of the plaintiff or the plaintiff's attorney to effectuate proper service of the summons and complaint or to obtain and file a signed waiver. Fed. R. Civ. P. 4(l) further requires proof of service be made to the Court, unless service is waived. Plaintiff has not provided any documentation showing service has been waived under Fed. R. Civ. P. 4(d).

Rule 4 empowers courts with discretion to extend the time for service when a plaintiff demonstrates good cause for failing to timely serve process or any other circumstances warrant

an extension of time.  Henderson v. United States, 517 U.S. 654, 662-63 (1996); Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005).

Accordingly, Plaintiff shall have fourteen days from the date of this Order to explain the reason(s) for the delay in service of process and why the unserved Defendants should not be dismissed without prejudice for failure to timely effect service.

SO ORDERED this 5th day of October, 2022, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA