IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

OWNERS INSURANCE COMPANY,  &ast;
            &ast;
  Plaintiff,    &ast;
            &ast;
   v.      &ast;  CV 622-017
            &ast;
MATTHEW HOLLEY; RODRIQUEZ &ast;
WALLACE; CHRISTINE WELK,  &ast;
            &ast;
  Defendants.

## O R D E R

Presently before the Court is Plaintiff's motion for default judgment. (Doc. 17.) Defendants have not appeared, pled, or otherwise defended this action. For the following reasons, Plaintiff's motion is **GRANTED.**

## I. BACKGROUND

Plaintiff initiated the present action on February 24, 2022 pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. (Doc. 1, at 1.) Plaintiff is an insurance company organized under the laws of Michigan that at all relevant times was in the business of writing automobile liability insurance and was lawfully doing business in Georgia. (Id. at 2.) Plaintiff seeks a declaration that it has neither liability coverage, nor a duty to defend Defendant Holley, in civil actions pending in the State

Court of Toombs County, Georgia arising out of a motor vehicle accident (the "Accident"). (Id. at 2, 7.)  The Accident occurred when a vehicle operated by Defendant Holley made contact with a vehicle operated by Defendant Wallace, and Defendant Welk was a passenger in the vehicle operated by Wallace.  (Id. at 1-2.) Plaintiff insured the 1998 Ford Ranger pickup truck operated by Defendant Holley during the Accident through policy number 51-954-989-01 (the "Policy"). (Id. at 2.)

Plaintiff issued the Policy to Elijah and Debra Holley (the "Insureds") to provide liability coverage with limits of $50,000.00 per person and $100,000.00 per occurrence. (Id. at 3-4.)  Defendant Holley is the adult son of Elijah and Debra Holley, the Insureds. (Id. at 6.)  The Policy defines relatives as "a person who resides with you and who is related to you by blood, marriage or adoption." (Doc. 1-1, at 11-12.)  The Policy provides liability coverage to the Insureds and "on behalf of any relative using [their] automobile" as well as "on behalf of any person using [their] automobile . . . with [their] permission or that of a relative." (Id. at 12.)  The Complaint alleges Defendant Holley was operating the vehicle when the Accident occurred, and Defendants Wallace and Welk contend they sustained bodily injuries as a result of the Accident. (Doc. 1, at 5.)  At the time the accident occurred, Defendant Holley did not reside with the Insureds. (Id. at 6.)  Furthermore, Defendant Holley did not have

2

the permission, either express or implied, of either of the Insureds, to operate the 1998 Ford Ranger truck, and he was operating the truck with actual knowledge that he did not have permission to use or operate it.   (Id. at 7.)   Based on these facts, Plaintiff contends Defendant Holley does not qualify as an "insured" under the Policy, and thus, it does not owe liability coverage or a duty to defend him from the claims asserted against him in the underlying lawsuits.   (Id.)   Plaintiff already issued a reservation of rights letter to Defendant Holley informing him it reserved any and all rights it may have under the Policy to deny coverage and liability.   (Id.)

On November 8, 2022, Plaintiff moved for entry of default pursuant to Federal Rule of Procedure 55(a).   (Doc. 15.)   The Clerk thereafter entered default on November 10, 2022.   (Doc. 16.)   Then on November 17, 2022, Plaintiff filed the present motion for default judgment.   (Doc. 17.)   In this motion, Plaintiff requests the Court grant default judgment, adjudging that Plaintiff owes no obligation to defend or indemnify Defendant Holley with respect to any liability, judgment, or settlement flowing from, resulting from, or arising out of the Accident.   (Id. at 3.)   Further, Plaintiff requests the Court declare it is under no duty or obligation imposed by the Policy to defend or indemnify Defendant Holley against any liability arising from or respecting the Accident or underlying lawsuits.   (Id.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), "a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at * 1 (S.D. Ga. May 4, 2020) (citing Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004)). Final judgment is appropriate so long as "the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought." Kennedy v. NILA Invs., LLC, No. 2:19-cv-090, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)); see also Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (holding default judgment is merited only "when there is a sufficient basis in the pleadings for the judgment entered").

Further, a "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" set forth in the complaint. Surtain, 789 F.3d at 1245 (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the

4

plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotations and citation omitted)). Although well-pleaded allegations of fact are deemed admitted, defendant "is not held to admit facts that are no well-pleaded or to admit conclusions of law." Id. (citation and internal quotation marks omitted).

### III. DISCUSSION

The Court turns to Plaintiff's motion for default judgment. (Doc. 17.) It first addresses whether it has jurisdiction over this action before proceeding to the merits of the motion.

#### A. Jurisdiction

Plaintiff filed its Complaint in this Court for declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. (Doc. 1, at 1.) Plaintiff is a company organized under the laws of Michigan with its principal place of business also in Michigan. (Id. at 2.) Defendants are all citizens and residents of Georgia. (Id.) The Court has subject matter jurisdiction because Plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 and there is complete diversity between the Parties. Venue is proper in the Statesboro Division of the Southern District of Georgia because the Accident took place in Toombs County, Georgia, located within this District. (Id. at 1.)

Moreover, the Court has personal jurisdiction over the Defendants because Plaintiff served each Defendant and proof of such service was filed with the Court.  (Docs. 7, 11-12.)

## B. Liability

Having found the jurisdictional requirements satisfied, the Court now turns to Plaintiff's motion for default judgment. Plaintiff seeks declaratory judgment that is owes no contractual obligation to defend or indemnify Matthew Holley against any liability, judgment, or settlement following from, or arising out of, the Accident.  (Doc. 17-1, at 11-12.)  Plaintiff wants the Court to declare it is under no duty or obligation imposed by the Policy to defend or indemnify Defendant Holley against any liability arising from or respecting the Accident or the claims forming the basis of the underlying lawsuits.  (Id. at 12.)

Plaintiff's well pleaded allegations are outlined above in the background section of this Order.  Defendants have failed to serve any response to Plaintiff's pleadings; therefore, the Court deems all well-pleaded factual allegations as true for purposes of its analysis.  Based on these facts, the Court finds Plaintiff has no duty of coverage to or on behalf of Defendant Holley under the Policy for any claims arising from the Accident.  Specifically, the Court accepts as true, for purposes of this analysis, Plaintiff's allegation that Defendant Holley does not qualify for coverage under the terms of the Policy because he was not living

with the Insureds, and he was not given authorization to take the Insureds' 1998 Ford Ranger.   As such, Plaintiff is under no contractual obligation to defend or indemnify Defendant Holley against any claim or amount of damages, costs, or other monetary amount arising out of the Accident or alleged or sought in the underlying lawsuits.   Accordingly, default judgment is proper, and Plaintiff's motion (Doc. 17) shall be **GRANTED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (Doc. 17) is **GRANTED**.   The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff against Defendants, **TERMINATE** any pending motions and deadlines, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of June, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7